1  RODERICK G. DORMAN (SBN 96908)
   dormanr@hbdlawyers.com
2  LAWRENCE M. HADLEY (SBN 157728)
   hadleyl@hbdlawyers.com
3  HENNIGAN, BENNETT & DORMAN LLP
   865 South Figueroa Street, Suite 2900
4  Los Angeles, California 90017
   Telephone:   (213) 694-1200
5  Facsimile:   (213) 694-1234

6  Attorneys for Plaintiffs and Counterdefendants
   MICROPROCESSOR ENHANCEMENT
7  CORPORATION and MICHAEL H. BRANIGIN

8  *Additional Counsel Information continued on
   next page*

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  MICROPROCESSOR ENHANCEMENT ) Case No. SACV 08-1039 SVW (RNBx)
    CORPORATION and MICHAEL H.  )
14  BRANIGIN,                    ) **JOINT STIPULATION AND**
                                 ) ~~[PROPOSED]~~ **PROTECTIVE ORDER**
15                   Plaintiffs, )
                                 ) Judge, Hon. Stephen V. Wilson
16          vs.                  )
                                 )
17  STMICROELECTRONICS N.V. and  )
    STMICROELECTRONICS, INC.,    )
18                               )
                     Defendants, )
19                               )
              and                )
20                               )
    ARM LTD.,                    )
21                               )
                     Intervenor. )
22  _____)

23

24

25

26

27

28

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

1  John E. Peterson, Bar No. 197978
   JEPeterson@perkinscoie.com
2  PERKINS COIE LLP
   1620 - 26th Street, Sixth Floor South Tower
3  Santa Monica, CA  90404
   Telephone:  (310) 788-3346
4  Facsimile:  (310) 843-1272

5  Chad S. Campbell, Bar No. 258723
   CSCampbell@perkinscoie.com
6  Aaron Matz, Arizona Bar No. 024108
   AMatz@perkinscoie.com
7  PERKINS COIE BROWN & BAIN P.A.
   2901 North Central Avenue, Suite 2000
8  Phoenix, AZ  85012-2788
   Telephone:  (602) 351.8000
9  Facsimile:  (602) 648.7000

10 Attorneys for Defendants and Counterclaimants
   STMICROELECTRONICS, INC. and
11 STMICROELECTRONICS N.V.

12

13 GEORGE B. NEWHOUSE, JR. (SBN 107036)
   (gnewhouse@brownwhitelaw.com)
14 Sydney M. Mehringer (SBN 245282)
   smehringer@brownwhitelaw.com
15 BROWN, WHITE & NEWHOUSE LLP
   333 South Hope Street, 40th Floor
16 Los Angeles, California  90071-1406
   Telephone: (213) 613-0500
   Facsimile: (213) 613-0550
17

18 JAMES WALLACE (pro hac vice)
   (jwallace@wileyrein.com)
19 KEVIN P. ANDERSON (pro hac vice)
   (kanderson@wileyrein.com)
20 WILEY REIN LLP
   1776 K. Street, N.W.
21 Washington, DC  20006
   Telephone: (202) 719-7000
22 Facsimile: (202) 719-7049

23 Attorneys for Defendant-Intervenor
   ARM, LTD.

24

25

26

27

28

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

-ii-

Case No. SACV 08-1039 SVW (RNBx)

JOINT STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

1    Plaintiffs/Counterdefendants Microprocessor Enhancement Corporation
2  ("MEC") and Michael H. Branigin ("Branigin"), Defendants/Counterclaimants
3  STMicroelectronics N.V. and STMicroelectronics, Inc. (collectively "STM") and
4  Defendant/Intervenor ARM Ltd. ("ARM") stipulate and jointly request that the Court
5  enter this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

6    Disclosure and discovery in this patent litigation is likely to involve the
7  production of highly confidential, proprietary, and private information for which
8  special protection from public disclosure and from use for any purpose other than
9  prosecuting this litigation is warranted.  It is the objective of this Protective Order to
10 preserve the confidentiality of the parties' documents and other information while
11 permitting reasonable access to information in discovery.  This Protective Order is
12 intended to avoid disputes and to limit access to, and disclosure of, confidential
13 information, while permitting the parties to take discovery, to evaluate their claims
14 and defenses, and to prepare for trial.  The parties acknowledge that this Order does
15 not confer blanket protections on all disclosures or responses to discovery and that the
16 protection it affords extends only to the limited information or items that are entitled,
17 under the applicable legal principles, to treatment as confidential.  This Order is also
18 structured in tiers so as to provide lesser restrictions for material that is less sensitive
19 and greater protections for documents and information that constitute or contain trade
20 secrets or other highly-sensitive information relating to products on the market or
21 under development.

22    The Protective Order is entered without prejudice to the right of any party to
23 ask the Court to alter or amend any provision of this Protective Order at any time, and
24 the existence of this Protective Order shall not affect in any manner whatsoever the
25 parties' respective burdens of proof with respect to any request to alter or amend any
26 provision of this Protective Order.

27
28

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

1.     "Confidential Information" shall mean nonpublic business, personal, or other information, as to which the producing or disclosing party reasonably believes that public disclosure would harm the producing or disclosing party, or third parties, and which is not information identified in paragraph 3 below.

2.     "Attorneys' Eyes Only Information" shall mean information or material that the producing or disclosing party reasonably believes constitutes or contains trade secrets or other highly-sensitive information relating to products on the market or under development, such as nonpublic research, development, product development, technical, manufacturing, financial, sales, marketing, personnel, customer, vendor, or commercial information, the public disclosure of which would reasonably cause substantial harm to the producing or disclosing party, or to third parties, and which is not information identified in paragraph 3 below.

3.     The following will not be considered Confidential Information or Attorneys' Eyes Only Information (collectively "Protected Material") under this Protective Order:

a.     Information that, at the time of disclosure, was in the public domain;

b.     Information that, after disclosure, became part of the public domain through any lawful means not involving a violation of this Protective Order; and

c.     Information that the receiving party can show was received by it, either before or after the disclosure by the producing party, other than pursuant to any Protective Order or any confidentiality agreement, from a source who both lawfully obtained the information and was under no obligation of confidentiality to the producing party.

4.     Protected Material obtained by any party from any person or entity (including both parties and non-parties) pursuant to discovery in this litigation may be used solely in connection with this lawsuit (except as provided in paragraph 17).

5.     Protected Material shall be maintained so as to preclude access by persons who are not entitled to receive such information under this Protective Order. However, nothing in this Protective Order shall prevent the Court, any court reporter or other employee of this Court, videographer, mediator, or juror from reviewing evidence in this case for the purpose of these proceedings.

6.     Any document or tangible thing containing Protected Material may be designated as such by marking it "Confidential" or "Attorneys' Eyes Only" prior to or at the time copies are furnished to the receiving party.  Derivative documents such as written discovery, briefs, and expert reports that incorporate Protected Material shall include, in addition to the appropriate designation, identification of the party or parties who produced the Protected Material incorporated therein.  Inadvertent or unintentional production of documents or information containing Protected Material that is not designated as such shall not be deemed a waiver in whole or in part of a claim for protected treatment provided that, as soon as reasonably practicable after the producing party becomes aware of the inadvertent or unintentional disclosure, the producing party informs the receiving party in writing that it wishes to designate as Protected Material the inadvertently produced documents.  Upon receipt of a substitute copy bearing the appropriate confidentiality designation, the receiving party will immediately destroy all undesignated copies and treat the designated information as Protected Material.

7.     At the request of any party, the original and all copies of any deposition or hearing transcript shall be marked "Confidential" or "Attorneys' Eyes Only" by the reporter during the deposition.  A party may also designate any portion of a deposition transcript as "Confidential" or "Attorneys' Eyes Only" by informing the reporter and

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

-3-

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

1  opposing party in writing during the time period for reviewing and correcting the

2  deposition transcript.  All deposition transcripts not marked "Confidential" or

3  "Attorneys' Eyes Only" will nonetheless be treated as Attorneys' Eyes Only until the

4  time period for reviewing and correcting the deposition transcript has expired.

5      8.    Except as otherwise indicated below, all documents, tangible things and

6  discovery responses designated by the producing party as "Confidential" and any

7  information contained therein may be disclosed by the receiving party only to the

8  following persons:

9        a.    Outside counsel of record for the receiving party in this action;

10       b.    Clerical employees of the receiving parties' outside counsel of

11  record including paralegals and legal secretaries insofar as is necessary to assist in the

12  preparation and trial of this action; the outside counsel of record who employs any

13  person allowed access to "Confidential" materials under this provision agrees to

14  accept full responsibility for ensuring that person's compliance with the terms of this

15  Protective Order;

16       c.    Data processing vendors, copying vendors, graphics vendors, court

17  reporters, videographers, and jury consultants;

18       d.    Testifying and consulting experts who have signed the

19  Acknowledgement at Exhibit A to this Protective Order, subject to the terms set forth

20  below;

21       e.    Respective in-house counsel who are employees of MEC, ARM or

22  STM, provided that each is identified to the producing party as a recipient before

23  receiving the "Confidential" information;

24       f.    The Court and its personnel (who are not required to sign the

25  Confidentiality Agreement at Exhibit A); or

26       g.    Subject to paragraph 12 below, a witness in deposition (and only

27  during the deposition if the witness is not otherwise authorized to receive such

28

-4-

information) if the document, tangible thing, or discovery response to be disclosed identifies that witness as an author or recipient.

9.      Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Attorneys' Eyes Only" and any information contained therein may be disclosed by the receiving party only to the following persons:

a.      Outside Counsel of record for the receiving party in this action;

b.      Clerical employees of the receiving parties' outside counsel of record including paralegals and legal secretaries insofar as is necessary to assist in the preparation and trial of this action; the outside counsel of record who employs any person allowed access to "Confidential" materials under this provision agrees to accept full responsibility for ensuring that person's compliance with the terms of this Protective Order;

c.      Data processing vendors, copying vendors, graphics vendors, court reporters, videographers, and jury consultants;

d.      Testifying and consulting experts who have signed the Acknowledgement at Exhibit A to this Protective Order, subject to the terms set forth below;

e.      The Court and its personnel (who are not required to sign the Confidentiality Agreement at Exhibit A); or

f.      Subject to paragraph 12 below, a witness in deposition (and only during the deposition if the witness is not otherwise authorized to receive such information), if the document, tangible thing, or discovery response to be disclosed identifies that witness as an author or recipient.

10.      Protected Material consisting of computer source code, RTL, or other similarly sensitive code, or electrical schematics or other derivative documents (which shall be treated as Protected Material of the party producing the underlying

Case No. SACV 08-1039 SVW (RNBx)

JOINT STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

computer source code, RTL, or other similarly sensitive code regardless of the party that creates the derivative documents) prepared with the aid of such code (collectively, "Code or Schematics"), shall be treated as Attorneys' Eyes Only Information under this Protective Order and also shall be subject to the following limitations:

      a.    A party's Code or Schematics produced for inspection shall be stored on a single stand-alone computer (*i.e.* a computer not connected to any network, Internet or peripheral device), or, if necessary, on one or more external hard drives connected to such a stand-alone computer, in a secure location in California chosen by the producing party; e.g., at the offices of ARM Inc. in San Jose, California, the offices of ARM's local counsel in Los Angeles, or at the offices of Perkins Coie LLP in Santa Monica or Los Angeles, California.

      b.    The producing party will provide access to the stand-alone computer during regular business hours upon reasonable notice during the discovery period in this case.

      c.    The producing party shall produce Code in computer searchable format, and the stand-alone computer shall contain software sufficient to allow a user to search and view the Code, and to view any Schematics.

      d.    Within 5 business days of a request by Plaintiffs, the producing party will provide two original paper copies of limited portions of the computer code not to exceed (without further agreement of the parties or Order of the Court) 10% of the overall lines of Code made available for a particular product counting only the lines of code, not counting the comments contained therein.  The two original paper copies will be Bates labeled for control purposes and are to be treated as "Attorneys' Eyes Only Information" subject to the additional limitations set forth in this Protective Order.  Plaintiffs may not make additional copies of the Code (except as set forth in sections (e) and (f) below).  One original copy shall be held at the office of Plaintiffs'

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

outside counsel of record and the other original copy shall be kept at the office of Plaintiffs' designated technical expert.  Both original copies must be kept securely stored (such as in a locked container or office).  Plaintiffs may not make copies of any portion of the Code for internal use or for distribution to experts.

      e.    A receiving party that wishes to use any of the Code or Schematics at a deposition shall give the producing party at least  three court days' written notice of the fact that it intends to use Code or Schematics, but need not specify the particular sections or pages that it intends to use.  The receiving party may, no earlier than 24 hours prior to any such deposition, make only as many copies as, and only of the specific pages that, the receiving party intends to actually use at the deposition. At the conclusion of the deposition, counsel for the producing party shall collect each copy and shall then retain the original of any such exhibit, which shall not be appended to the transcript of the deposition.  In the event the deposition lasts more than one day, the producing party shall collect each copy at the end of each day of the deposition.  With the exception that counsel for the receiving party may retain a copy of any such exhibit, no one other than the producing party may remove the copies from the deposition room.

      f.    A receiving party that desires to file or otherwise submit to the Court any of the Code or Schematics shall give the producing party at least five Court days' written notice of that fact.  The receiving party may, no earlier than 24 hours prior to the relevant filing, make only as many copies as, and only of the specific pages, needed for submission to the Court, and shall file any and all such copies of the Code or Schematics with an application to file all such copies under seal, following the procedures set out in paragraph 14 of this Protective Order.

     11.    Any outside counsel or testifying or consulting expert who reviews Protected Material (to which the outside counsel or testifying or consulting expert does not have access except pursuant to this Protective Order) shall not prosecute,

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

prepare, or substantively participate in any patent application that is filed, or claims priority from any application filed, relating to microprocessors, from the time of receipt of such information through and including one (1) year following the last work performed in connection with this action by such outside counsel or testifying or consulting expert.

12.    Nothing in this Protective Order shall be construed to place any restrictions whatsoever on a producing party's ability to use or share its own Protected Material, including any such Protected Material incorporated by a receiving party into a derivative document such as written discovery, a brief, or an expert report.

13.    At any time after the delivery of Protected Material, counsel for the receiving party may challenge the designation or any portion thereof by providing written notice to counsel for the producing party in compliance with Local Rule 37-1. If the parties are unable to agree as to whether the designation is appropriate, then the receiving party may request an order that the information not be deemed Protected Material by initiating the procedure set forth in Local Rule 37-2. The designating party shall have the burden of establishing that the disputed information is entitled to treatment as Protected Material. All Protected Material is entitled to the designated treatment pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or until further Order of this Court.

14.    All documents that contain or attach Protected Material and are to be filed with the Court, including briefs and other pleadings, shall be accompanied by a written application and a proposed order to file or lodge the document or the portions thereof containing Protected Material under seal. The application shall be directed to the judge to whom the documents are directed, in accordance with Local Rule 79-5.1. The original and judge's copy of the document shall be sealed in separate envelopes or other appropriate sealed containers on which a copy of the caption from this lawsuit shall be affixed, stating on it "Confidential" – Protected Material Subject to

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

Protective Order' or "Attorneys' Eyes Only – Protected Material Subject to Protective Order" and a statement substantially in the following form:

> This envelope contains information designated as Protected Material under the governing Court Protective Order and is not to be opened, and the contents are not to be displayed or revealed, except by order of the Court presiding over this matter.

15.     Before a receiving party may disclose a producing party's Protected Material to a testifying or consulting expert, the receiving party shall first give written notice to counsel for the producing party, at least by email.  Written notice shall include for each testifying or consulting expert:  (a) the individual's name; (b) the individual's current curriculum vitae; (c) his or her business address, title and profession; (d) any previous or current relationship (personal or professional) with any of the parties; (e) a list of other cases in which the individual has testified (at trial or deposition) within the last four years; (f) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; (g) whether the expert is, or has ever been, involved in any aspect of prosecuting patent applications relating to microprocessors, and (h) a signed copy of the Confidentiality Agreement appended hereto as Exhibit A.

16.     The producing party shall have ten court days from receipt of the notice specified in paragraph 15 to object to disclosure of Protected Material in a writing faxed or emailed to counsel of record for the receiving party.  If no such objection is made, after this ten-day time period expires, the receiving party may disclose Protected Material to the disclosed individual(s).  However, if the producing party objects within the ten-day time period, the receiving party may not disclose Protected Material to the challenged individual(s).  If the receiving party remains interested in disclosing Protected Material to the challenged individual(s), then the receiving party must respond to the objection in writing.  If the parties cannot subsequently reach an

JOINT STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

1   agreement regarding such disclosure, then the parties shall meet and confer and the

2   objecting party shall have ten court days from date of the meet and confer to file a

3   motion for an appropriate protective order.  If no such motion is filed within this ten-

4   day period, the receiving party may disclose the producing party's Protected Material

5   to the disclosed individual(s).  Otherwise, Protected Material shall not be disclosed to

6   the challenged individual(s) until and unless a final ruling allowing such disclosure is

7   made by this Court.

8        17.    Should counsel for Plaintiffs wish to disclose Protected Material

9   designated by STMicroelectronics or ARM to another party in a related case or to

10   counsel for another party in a related case, then Plaintiffs shall provide written notice,

11   including at least by email, to the producing party at least ten court days in advance of

12   when such disclosure is contemplated.  The written notice shall specifically identify

13   by document control number or other specific identifier which information is intended

14   for disclosure to the other party or its counsel, and also identify specifically to whom

15   the intended disclosure is to be made.   The producing party shall have ten court days

16   from receipt of the notice to object to such disclosure in a writing faxed and/or

17   emailed to Plaintiffs' counsel.  If no such objection is made before the ten-day period

18   expires, plaintiffs' counsel may disclose the identified Protected Material to the

19   disclosed individual(s).  However, if the producing party objects within the ten day

20   time period, then Plaintiffs may not disclose Protected Material to the designated

21   individual(s).  If the parties cannot reach an agreement, Plaintiffs may file a motion

22   seeking an appropriate order allowing the requested disclosure.  Protected Material

23   shall not be disclosed to the designated individual(s) until and unless a final ruling

24   allowing such disclosure is made by this Court.  Prior to receiving any disclosure

25   pursuant to this paragraph 17, the receiving party shall consent in writing to comply

26   with and be bound by this Protective Order.

27

28

Case No. SACV 08-1039 SVW (RNBx)                    JOINT STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

18.     Nothing in this Protective Order shall prevent a receiving party from in any way communicating or transferring Protected Material, or the contents thereof, in whole or in part to any other entity that already has received such Protected Material from the producing party (e.g., in this litigation or in related litigation).  A receiving party may assume that each document or tangible thing bearing a Bates number or range designated by a producing party is identical to every other document or tangible thing bearing the identical Bates number or range designated by the producing party. If Plaintiffs use different Bates labels for different parties, then upon request from a receiving party, counsel for Plaintiffs shall indicate within 5 calendar days whether specified documents and tangible things identified by Bates number or range were also produced to one or more other specified entities in this litigation or in related litigation.  If counsel for Plaintiffs has not definitively responded within 5 calendar days from the date of the request, then it may be assumed that the specified documents and tangible things identified in the request have been so produced.

19.     If any Protected Material is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure shall, immediately upon discovery of that disclosure, inform the producing party of all facts pertinent to the disclosure and make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

20.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing or email by an attorney of record for the party against whom such waiver will be effective.

21.     The inadvertent, accidental or unintentional production of documents, information or other things subject to the attorney-client privilege, work-product doctrine, joint-defense privilege, common-interest privilege, or other privilege or immunity shall not constitute a waiver of said privilege or immunity if it would not

operate as a waiver under Federal Rule of Evidence 502, or provided that, as soon as reasonably practicable after the producing party becomes aware of the inadvertent, accidental, or unintentional disclosure, the producing party informs the receiving party, in writing, that it wishes to assert a privilege or immunity over the produced items or information and provides the factual basis for that assertion of privilege. Upon receipt of such a notice, the receiving party will immediately return the identified information, documents(s) or things to the producing party and shall not retain any copy of the same. The receiving party shall also make all reasonable efforts to retrieve the original and all copies of the documents, information or things from anyone that it has disclosed them to. Nothing herein shall prevent the receiving party from thereafter challenging the propriety of the assertion of privilege, work product or other applicable privilege or immunity by submitting an appropriate motion to the Court.

22. Nothing in this Protective Order shall be construed as a waiver of any right to assert a claim of privilege, work product, relevance, or other objections to discovery requests.

23. A nonparty producing information or material, voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner as described in, and shall receive the same level of protection under, this Protective Order as any party to this lawsuit. Designating material or information pursuant to this Protective Order does not, however, give a nonparty any right to access Protected Material produced by the parties in this case.

24. If any party receives a subpoena that requests production of Protected Material produced by another party or a nonparty, the party receiving the subpoena shall notify the other party or nonparty in writing immediately. The party receiving the subpoena shall not produce any documents in response to the subpoena until the party or nonparty whose Protected Material was produced in this case has reasonable

Case No. SACV 08-1039 SVW (RNBx)

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

time to seek court protection from such production in response to the subpoena.
Nothing in this Order shall be construed as authorizing a party to disobey a lawful
subpoena in another action.

25.    After termination of this litigation, the provisions of this Protective Order
shall continue to be binding except with respect to those documents and information
that become a matter of public record.  This Court retains and shall have continuing
jurisdiction over the parties and recipients of Protected Material to enforce the
provisions of the Protective Order following termination of this litigation.

26.    Absent written agreement of the parties or further order of this Court, this
Protective Order shall continue to be binding throughout, and after the conclusion of,
this lawsuit including without limitation any appeals.  Within sixty days after the
entry of a final non-appealable judgment or order or the complete settlement of all
claims asserted in this lawsuit, each party shall return or destroy all Protected Material
received from a producing party and shall confirm this return or destruction in writing
signed by that party's counsel of record.  Notwithstanding the foregoing, counsel shall
be entitled to maintain copies of each pleading, motion and brief – including all
supporting and opposing papers and exhibits thereto – written discovery requests,
responses and exhibits thereto, deposition transcripts and exhibits thereto, transcripts,
demonstratives and exhibits offered or introduced into evidence at any hearing or
trial, correspondence, and any work product.

27.    This Protective Order is entered without prejudice to the right of any
party to apply to the Court at any time for additional protection or for modification of
the Protective Order.

28.    The United States District Court for the Central District of California is
responsible for the interpretation and enforcement of this Protective Order and all
disputes concerning this Protective Order shall be resolved by that Court.  Every
individual who receives any Protected Material agrees to subject himself or herself to

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

1    the jurisdiction of that Court for the purpose of any proceedings relating to

2    performance under, compliance with, or violation of, this Protective Order.

3         So agreed and stipulated:

4

5    DATED:   May 26, 2009          HENNIGAN, BENNETT & DORMAN LLP

6

7                                    By /s/ Lawrence M. Hadley
                                     _____
8                                          Lawrence M. Hadley

9                                    Attorneys for Plaintiffs/Counterdefendants
                                     MICROPROCESSOR ENHANCEMENT
10                                   CORPORATION and MICHAEL H.
                                     BRANIGIN
11   DATED:   May 26, 2009          PERKINS COIE BROWN & BAIN P.A.

12

13

14                                   By /s/ Chad S. Campbell
                                     _____
15                                         Chad S. Campbell

16                                   Attorneys for Defendant/Counterclaimant
                                     STMICROELECTRONICS N.V. and
17                                   STMICROELECTRONICS, INC.

18   DATED:   May 26, 2009          WILEY REIN LLP

19

20

21                                   By /s/ Kevin P. Anderson
                                     _____
                                           Kevin P. Anderson
22
                                     Attorneys for Intervenor ARM Ltd.
23

24

25   IT IS SO ORDERED.

26   Dated:  May 27, 2009            _____
                                     ROBERT N. BLOCK
27                                   UNITED STATES MAGISTRATE JUDGE

28
                                     -14-
     Case No. SACV 08-1039 SVW (RNBx)        JOINT STIPULATION AND [PROPOSED]
                                                            PROTECTIVE ORDER

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california

**Microprocessor Enhancement Corp. v. STMicroelectronics N.V. and STMicroelectronics, Inc.**

**Exhibit A to Protective Order**

**Confidentiality Agreement**

I, _____, state:

1.    I reside at _____;

2.    My present employer is _____;

3.    My present occupation or job description is _____

_____;

4.    I am not employed by a competitor of a party to this lawsuit.

5.    I agree to keep confidential all nonpublic information provided to me in the matter of *Microprocessor Enhancement Corporation and Michael H. Branigin v. STMicroelectronics N.V. and STMicroelectronics, Inc.*, and to be subject to the jurisdiction of the United States District Court for the Central District of California in the event of any violation or dispute related to this agreement.

6.    I have been informed of, and have reviewed, the Protective Order entered in this case and I will not divulge any Protected Material to any person other than those specifically authorized by the Order;

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

Signature: _____

Case No. SACV 08-1123 SVW (RNBx)                    JOINT STIPULATION AND [PROPOSED]
                                                     PROTECTIVE ORDER

Hennigan, Bennett & Dorman llp
lawyers
los angeles, california